### STECKBECK v. WORMAN.

[No. 10,145.   Filed December 18, 1919.]

1.  APPEAL.—*Negligence.—Conflicting Evidence. — Review. — Highways.*—Where there is evidence to support the verdict, and a sharp conflict as to which of the two drivers of colliding automobiles was guilty of negligence causing the collision, the evidence will not be weighed on appeal. p. 667.

2.  TRIAL.—*Evidence.—Exhibits.—Inspection by Jury.* — Exhibits not formally introduced in evidence are correctly excluded from inspection by the jury. p. 668.

3.  EVIDENCE.—*Introduction.—Connecting Evidence. — Exhibits.* — The court may properly require proof that there was no change in the condition of the automobile of defendant after the collision in issue and before photographs thereof were taken, as a condition to permitting the exhibition of such photographs to the jury. p. 668.

From Allen Superior Court; *Carl Yaple,* Judge.

Action by Floyd M. Worman against William J. Steckbeck. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Robert B. Dreibelbiss,* for appellant.

*Herbert L. Somers* and *Harry F. Kennerk,* for appellee.

McMAHAN, J.—Complaint by appellee for damages to his automobile caused by the alleged negligence of appellant. The jury returned a verdict in favor of appellee, and judgment was rendered accordingly.

The only error assigned is the overruling of the motion for a new trial.

The first contention of appellant is that the verdict is not sustained by sufficient evidence. The accident occurred on a country road about 6:30 p. m., December 2. Appellee and his witnesses testified in substance that the appellant was driving his automobile from twenty-five to thirty miles an hour in violation of the law; that his lights were bright; that he did not slow up, but came straight at appellee; that appellee was driving his car about eight or ten miles an hour and, on seeing the appellant coming, drove over to the side of the road and stopped his car; that appellant did not slow his car, but ran into the appellee's car, injuring the same. Some of appellee's witnesses testified that appellant was "zig-zagging" across the road and that, when about thirty feet from appellee, he drove in a diagonal direction, striking the front wheel of appellee's car. Appellant and his witnesses testified to an entirely different state of facts. They testified in substance that appellee was driving his car from twenty-five to thirty miles an hour, had but one headlight which, being bright and glaring, blinded appellant; that appellee drove his car from one side of the road to the other, and that appellant was driving about eight miles an hour instead of twenty-five to thirty miles an hour, and that appellee ran his car into appellant's car. There was a sharp conflict in the evidence. It was the province of the jury to determine the weight

of the evidence and the credibility of the witnesses. The jury returned a verdict in favor of appellee and, there being evidence to support their verdict, we will not weigh the evidence.

Appellant also contends that the court erred in refusing to permit the jury to inspect a photograph of appellant's car, which he says was admitted in evidence. The record, however, discloses that appellant offered to introduce the photograph in evidence and that plaintiff objected. The record does not clearly disclose whether the photograph was introduced in evidence or not. It appears from the evidence that on the day after the accident two photographs, A and B, were taken of appellant's car. Appellee's objection to admitting photograph A in evidence was overruled. Nothing more is shown relative to A. The record does not disclose that after the ruling of the court it was actually introduced in evidence. Appellant then offered to introduce B in evidence, to which appellee made objection. Appellant then made an offer to exhibit A and B to the jury. The court overruled the offer of appellant to exhibit them to the jury until evidence was introduced showing the relation of the cars to each other. No evidence had been introduced to show that at the time the photographs were taken appellant's car was in the same condition that it was in immediately after the accident. It is evident from the statement of the court that neither A nor B had been formally introduced in evidence. That being true, the court correctly refused to allow them to be exhibited to the jury. There was no hardship imposed on appellant by requiring him to prove that there had been no change in the condition of his automobile after the

2-3.

accident and before the photographs were taken. Appellant contends that the proximate cause of the injury to appellee's automobile was the fact that appellee had but one light on the front of his car and was running the same in violation of §10476 Burns 1914, Acts 1913 p. 779, §13. The jury, however, found otherwise, and there is evidence to support that finding.

There was no error in overruling the motion for a new trial. Judgment affirmed.